**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**SARAH VON BROWN,**

               **Plaintiff,**                  **CIVIL ACTION NO. 04-CV-72398-DT**

    **vs.**

                                     **DISTRICT JUDGE ROBERT H. CLELAND**

**AMERICAN AXLE,**                    **MAGISTRATE JUDGE MONA K. MAJZOUB**

               **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**RECOMMENDATION:**  Defendant's Motion for Summary Judgment should be **GRANTED**.

**BACKGROUND**

Plaintiff filed this employment action on July 7, 2004 alleging that she was illegally terminated by Defendant in retaliation for exercising her rights under the Family Medical Leave Act ("FMLA"). District Judge Cleland referred all pre-trial matters in this case to the undersigned on November 10, 2004. Defendant filed a Motion to for Summary Judgment on June 1, 2005.  Plaintiff filed her Response to Defendant's motion the same day.  Defendant filed a Reply on June 17, 2005.

Plaintiff worked in Defendant's Detroit Forge facility from 1994 until September 24, 2001, when Defendant terminated her employment.  During her employment, Plaintiff received two leaves of absence under the Family Medical Leave Act (FMLA).  Plaintiff took her first leave in 1999 to care for her mother, and the leave appears to have been requested and granted without incident.  Plaintiff then requested an intermittent leave of absence in January 2000 to care for her sister.  Defendant initially denied Plaintiff's second request for leave because the FMLA's leave provisions do not generally extend to leave taken in order to care for an employee's sibling.  However, on March 29, 2000, after Plaintiff

submitted documents showing that she was her sister's legal guardian, Defendant granted Plaintiff's request for intermittent leave.

On March 9, 2001 Plaintiff asked for permission to leave work early to take her sister to a doctor's appointment. Her supervisor, Doug Wallace, initially refused, incorrectly stating that Plaintiff had used up all of her leave time. Plaintiff left anyway, and Wallace issued a disciplinary notice against Plaintiff. (Ex. 8). Plaintiff was also given a three day unpaid suspension. Defendant later determined that Plaintiff did have leave time remaining when she made her request. Defendant removed the original disciplinary notice from her record, and paid the three days' salary Plaintiff lost due to the suspension.

Plaintiff was disciplined on February 17, 2001, June 26, 2001, August 3, 2001, August 17, 2001, and September 19, 2001. Neither Plaintiff's previous FMLA leave nor the March 9, 2001 incident were mentioned in her subsequent disciplinary records. Plaintiff alleges that all of five of the disciplinary incidents were retaliation for Plaintiff's exercise of her FMLA rights. In particular, Plaintiff alleges that, after her FMLA leaves, Defendant's employees began intermittently "messing with" the machines she worked at, which resulted in the machines malfunctioning during her shift.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.* A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment;

2

rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986).  While the evidence itself need not be the sort admissible at trial, the evidence must be more than the non-movant's own pleadings and affidavits.  *Ashbook v. Block,* 917 F.2d 918, 921 (6th Cir. 1990); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (explaining that the non-moving party may not rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact).

## DISCUSSION AND ANALYSIS

Defendant argues that some of Plaintiff's FMLA claims are barred by the statute of limitations, and that Plaintiff has failed to demonstrate any genuine issue of material fact as to at least one element of her remaining claims.  Generally, a Plaintiff may commence an FMLA action at any time "not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought."  29 U.S.C. § 2617 (c)(1).  An FMLA action is deemed to have commenced on the date when the complaint is filed.  29 U.S.C. § 2617(c)(3).

Defendant terminated Plaintiff on September 24, 2001.  Plaintiff does not allege that Defendant engaged in any post-termination acts of retaliation.  In order for Plaintiff's complaint to fall within the general FMLA limitations period established by 29 U.S.C. § 2617 (c)(1), she would have had to file it on or before September 24, 2003.  Plaintiff filed an application to proceed without pre-payment of fees on June 29, 2004, and then filed her complaint on July 7, 2004.  Plaintiff's FMLA claims do not fall within the general limitations period.

However, the FMLA has a three year limitations period for claims that an employer "willfully" violated an employee's FMLA rights. 29 U.S.C. § 2617(c)(2).  An employer's FMLA violation is "willful" when the employer acts with knowledge that its conduct is prohibited by the FMLA or it acts with

3

reckless disregard of the FMLA's requirements.  *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004).  Because Plaintiff's complaint was filed more than two but less than three years after her termination, her FMLA claims can survive summary judgment only if there is a genuine issue of material fact as to whether Defendant intentionally or recklessly violated Plaintiff's FMLA rights.

Moreover, to succeed on her FMLA retaliation claim, Plaintiff must demonstrate that Defendant "intentionally discriminated against her in the form of an adverse employment action for having exercised an FMLA right."  *Spurlock v. Peterbilt Motors Co., Inc.,* 58 Fed. Appx. 630, 631 (6th Cir. 2003) (quoting *Stickland v. Water Works & Sewer Bd.*, 239 F.3d 1199, 1207 (11th Cir. 2001).  While Plaintiff has suffered an adverse employment action, she has done nothing to show that the reason Defendant took that action was because Plaintiff had exercised an FMLA right.  Given that Plaintiff's dismissal did not occur for several months after the end of her FMLA leave, and Plaintiff had a substantial disciplinary history at the time of her dismissal, the Court is unwilling to find that the mere fact that Plaintiff was dismissed after taking FMLA leave is sufficient to generate a genuine issue of material fact regarding the reason for Plaintiff's termination.

In response to Defendant's **Motion for Summary Judgment**, Plaintiff argues that "the evidence set forth in the discovery process will prove my employers violated several FMLA guidelines."  Discovery is now complete.  Although Plaintiff has repeated her allegations, she has failed to come forward with any evidence or any discovery whatsoever in support of her claim.  All of the discovery documents provided to the Court for consideration in connection with this motion come from Defendant's Fact/Exhibit Appendix in Support of Defendant's Motion for Summary Judgment.  Understanding that the Plaintiff is proceeding *in propria persona*, the Court has actively searched Plaintiff's deposition, her disciplinary records, notices of diciplinary action, and NLRB history for

4

evidence that Defendant terminated Plaintiff in retaliation for the exercise of her FMLA rights. The Court finds none.

Even taking this evidence in the light most favorable to the Plaintiff, the Court is forced to conclude that Plaintiff has not met her burden of proof.  Plaintiff has failed to come forward with anything other than her own allegations as evidence that Defendant's conduct was motivated by a desire to retaliate for the exercise of her FMLA rights.  Plaintiff's post March 9, 2001 disciplinary records make no reference to Plaintiff's FMLA leave.  There does not appear to be anything in Plaintiff's deposition or the other discovery before the Court suggesting that Plaintiff has an independent basis for her belief that she was fired in retaliation for the exercise of her FMLA rights.

Plaintiff has come forward with no evidence, other than her own pleadings, that could prove that Defendant acted recklessly or intentionally in violation of Plaintiff's FMLA rights.  Defendant's Motion for Summary Judgment should therefore be **GRANTED**.

## NOTICE REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n*

5

*of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: 10/27/05                          s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE

## Proof of Service

I hereby certify that a copy of this Report and Recommendation was served upon Sarah Von Brown and Counsel of Record on this date.

Dated: 10/27/05                          s/ Lisa C. Bartlett
                                         Courtroom Deputy