**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SARAH VON BROWN,

       Plaintiff,

v.                                          Case No. 04-CV-72398-DT

AMERICAN AXLE,

       Defendant.

                                        /

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I. BACKGROUND**

This employment case was filed pro se by Plaintiff Sarah Von Brown alleging that she was terminated from her employment with Defendant American Axle in violation of her rights under the Family Medical Leave Act.

Before the court is Defendant's Motion for Summary Judgment. Discovery matters and the Defendant's motion were referred to United States Magistrate Judge Mona Majzoub pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued a report and recommendation on October 27, 2005, recommending that Defendants' motion be granted.

Plaintiff did not file "objections," but sent an undated letter addressed to the magistrate judge that was filed on November 1, 2005. Attached to the letter were copies of various papers. The letter stated in part that Plaintiff "would like to file a motion to object . . . ." The court interprets this as an objection as contemplated under 28 U.S.C. § 636(b)(1).

For the reasons stated below, the court, having reviewed the record, agrees that no triable issues of fact remain. The court will adopt the magistrate judge's recommendation to grant Defendant's motion.

## II. STANDARD

### A. Summary Judgment

Federal Rule of Civil Procedure 56, which governs summary judgment motions, provides, in part, that:

> [t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

The moving party has the burden of demonstrating that there is no genuine issue as to any material fact, and a summary judgment is to be entered if the evidence is such that a reasonable jury could find only for the moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 250.

In assessing a summary judgment motion, the court must examine any pleadings, depositions, answers to interrogatories, admissions, and affidavits in a light that is most favorable to the non-moving party. Fed. R. Civ. P. 56(c); *see United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Boyd v. Ford Motor Co.*, 948 F.2d 283, 285 (6th Cir. 1991); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984). It

2

is not the role of the court to weigh the facts.  *60 Ivy Street Corp. v. Alexander*, 822 F.2d

1432, 1435–36 (6th Cir. 1987).  Rather, it is the duty of the court to determine "whether .

. . there are any genuine factual issues that properly can be resolved only by a finder of

fact because they may reasonably be resolved in favor of either party."  *Anderson*, 477

U.S. at 250.

When a summary judgment motion is predicated on a factual issue and is

adequately supported, the non-moving party must take some affirmative action to avoid

the entry of a summary judgment.

> When a motion for summary judgment is made and supported as provided
> in this rule, an adverse party may not rest upon the mere allegations or
> denials of the adverse party's pleading, but the adverse party's response,
> by affidavits or as otherwise provided in this rule, must set forth specific
> facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e).

The mere existence of a scintilla of supporting evidence is insufficient.  *Street v.*

*J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989).  Additionally, a party's failure

to make a showing that is "sufficient to establish the existence of an element essential

to that party's case, and on which that party will bear the burden of proof at trial"

mandates the entry of summary judgment.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986).

## B.  Review of Reports and Recommendations

The filing of timely objections requires the court to "make a *de novo*

determination of those portions of the report or specified findings or recommendations

to which objection is made."  28 U.S.C. § 636(b)(1).  See *United States v. Raddatz*, 447

U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo*

3

review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review;  making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Federation of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

A general objection to the magistrate's report has the same effect as a failure to object.  The district court's attention is not focused on any specific issues for review,

4

thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

### III.  DISCUSSION

In her letter, Plaintiff's objections are general and for the most part merely restate the arguments first presented in the complaint and in the response to Defendants' motion.

Plaintiff's letter states, among other things, that "the evidence that I have I've enclosed."  She states further "I'm not making false accusations against them. They retaliated against me with false writeups."  A copy of two earnings statements are attached with a notation on one that "this is the last check I received," and on the other "this proves that I was in the system."  A Certificate of Completion for Introduction to Ultrasonic Testing is also attached.  None of these things were presented to the magistrate judge, and none are well-explained in the letter.  Plaintiff speaks of supervisors "stalking" her and making working conditions "unbearable."  These assertions do not clearly relate to an FMLA complaint.

As the magistrate judge noted in her report, while Plaintiff obviously suffered an "adverse employment action, she has done nothing to show that the reason Defendant took that action was because Plaintiff had exercised an FMLA right."  (R&R at 4.)  This court adopts the reasoning of the magistrate judge:

> Given that Plaintiff's dismissal did not occur for several months after the end of her FMLA leave, and Plaintiff had a substantial disciplinary history at the time of

her dismissal, the Court is unwilling to find that the mere fact that Plaintiff was dismissed after taking FMLA leave is sufficient to generate a genuine issue of material fact regarding the reason for Plaintiff's termination.  In response to Defendant's Motion for Summary Judgment, Plaintiff argues that "the evidence set forth in the discovery process will prove my employers violated several FMLA guidelines."  Discovery is now complete.  Although Plaintiff has repeated her allegations, she has failed to come forward with any evidence or any discovery whatsoever in support of her claim.

(R&R p. 4)

The court agrees.  Even a search of the records that were submitted by Defendant in pursuit of its motion do not reveal to the court evidence supporting a claim that Plaintiff's termination was *because of* her FMLA leave.  On the other hand, Defendant has produced evidence which conclusively demonstrates that Plaintiff's termination was due to her substantial disciplinary record.  Where, as here, the moving party has met its burden of showing the absence of a genuine issue of material fact, "[t]he burden then shifts to the nonmoving party to come forward with evidence showing that there is a genuine issue for trial."  *See Covington v. Knox County School System* 205 F.3d 912, 915 (6th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).  The court agrees with the magistrate judge that Plaintiff has failed to produce any more than a scintilla of evidence supporting her claim.  Accordingly, the court will reject Plaintiff's objections, adopt the report and recommendation, and grant Defendant's motion for summary judgment.

6

**IV. CONCLUSION**

IT IS ORDERED that the Report and Recommendation [Dkt. # 33] is ACCEPTED

and adopted as the findings of this court.

Defendant's Motion for Summary Judgment [Dkt. # 27] is GRANTED.


   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, November 16, 2005, by electronic and/or ordinary mail.

   S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522